UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>J. USHER, ET AL.,<br><br>Defendants. | Case No. 1:24-cv-00047-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO REQUIRE THAT PLAINTIFF PAY THE $405.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>AND<br><br>ORDER TO APPOINT DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Raymond Bradford is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983 on January 10, 2024. (ECF No. 1). Plaintiff has not paid the Court's filing fee or requested leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. However, because Plaintiff had at least three "strikes" prior to filing this action and was not in imminent danger of serious physical injury at the time he filed it, the Court finds that Plaintiff is not eligible to proceed without prepayment of fees. Accordingly, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

1

I.       BACKGROUND.

Plaintiff's complaint stems from denial of medical care from around September 2015 to August of 2017. (*Id.* at 2–3). Plaintiff alleges he commenced this action in August of 2017. (*Id.* at 2). Then, after "he was not treated fairly by the presiding judge," Plaintiff stipulated to voluntary dismissal without prejudice to appeal "several issues" to the Ninth Circuit. (*Id.*) Plaintiff further alleges that after two-and-a-half years of inaction, the Ninth Circuit revoked his IFP status. (*Id.* at 2).

Plaintiff also filed a declaration with his complaint, in which he declares under the penalty of perjury that he is "the plaintiff in the above entitled cause of action" and that he is "proceeding informa pupris. See Exhibit 'A' true and correct copie of his informa paupris. That establishes the cost of suit was waive by both the district court and higher court of appeal." (ECF No. 1 at 4) (original spelling preserved).

The October 14, 2021 Ninth Circuit order enclosed as Exhibit A to Plaintiff's Complaint (*id.* at 4, 7) shows that on July 19, 2021, Plaintiff appealed Case No. 1:17-cv-01128-SAB from this Court, Eastern District of California, Fresno, to the Ninth Circuit. The appeal was docketed on August 2, 2021, as *Bradford v. Usher, et al.*, Case No. 21-16253 (9th Cir.). With that order, the Ninth Circuit allowed Plaintiff to retain his IFP status from the district court because it "has not yet been revoked." (ECF No. 1 at 7).

A review of the docket in that still-pending appeal shows that in December of 2021 Defendants moved to revoke Plaintiff's IFP status. Motion, Dkt. 12, *Bradford*, No. 21-16253 (9th Cir. Dec. 7, 2021). Defendants argued that "Bradford was found to have had more than three strikes over eighteen years ago in *Bradford v. Terhune*, No. CIV S-02-1859-FCD-GGH-P (E.D. Cal.), when the district court determined that he had *ten* actions or appeals that counted as § 1915(g) strikes. . . . Bradford's status as a three-strikes litigant has since been reaffirmed on multiple occasions in the district courts, and [the Ninth Circuit.]" *Id.* at 7. Defendants then cited numerous cases in support: *Bradford v. Marchak*, 667 F. App'x 616, 617 (9th Cir. 2016) (recognizing that "Bradford is subject to § 1915(g) because at least three of Bradford's prior § 1983 cases were dismissed as frivolous or for failure to state a claim."); *Bradford v. Castano*,

2

564 F. App'x 285, 286 (9th Cir. 2014) (same); *see also, e.g.*, *Bradford v. Garcia*, No. 21-cv-01164-PJH, 2021 WL 1749872, *1 (N.D. Cal. May 4, 2021) (noting Bradford's concession that he has at least three strikes); *Bradford v. Ceballos*, No. 1:20-cv-01821 DAD SAB PC, 2021 WL 323867, *1 (E.D. Cal. Feb. 1, 2021) (holding that Bradford is subject to the three strikes bar under 28 U.S.C. § 1915(g)). Motion, Dkt. 12 at 3, *Bradford*, No. 21-16253 (9th Cir. Dec. 7, 2021). The Defendants also argued that Plaintiff does not qualify for the imminent danger exception to the three-strike rule. *Id.* at 9.

Last month, the Ninth Circuit granted Defendants' motion and revoked Plaintiff's IFP status. Order, Dkt. #22, *Bradford*, No. 21-16253 (9th Cir. Dec. 15, 2023). The Court ordered that "[w]ithin 21 days after the date of this order, appellant must pay $505.00 to the district court as the docketing and filing fees for this appeal and file proof of payment with this court." *Id.* at 2. After receiving that order and before the time to pay the filing fee had expired, Plaintiff instead filed the complaint that commenced this action. (ECF No. 1).

Despite being put on notice by the Ninth Circuit that his IFP status was revoked, Plaintiff swore—under the penalty of perjury—in the declaration accompanying his complaint that he is still proceeding IFP. (*Id.*) Plaintiff provided the Court with a copy of the Ninth Circuit's 2021 order that continued his IFP status from the district court. Plaintiff did not provide this Court with the more recent Ninth Circuit's December 2023 order revoking his IFP status.

## II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(G)

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . .

3

This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

A court may raise § 1915(g)'s bar *sua sponte*. *Ray v. Lara*, 31 F.4th 692, 696 (9th Cir. 2022).

### III.  ANALYSIS

#### A.  Strikes

Plaintiff filed this action on January 10, 2024. (ECF No. 1). The Court takes judicial notice of the following district court cases, each of which counts as a "strike":

(1) *Bradford v. White, et al.*, No. 2:98-cv-0180-FCD-JFM (PC) (E.D. Cal.) (dismissed June 3, 1999, as frivolous);

(2) *Bradford v. Terhune, et al.*, No. 1:04-cv-5496-AWI-DLB (PC) (E.D. Cal.) (dismissed Oct. 21, 2004, for failure to state a claim);

(3) *Bradford v. Grannis*, No. 2:05-cv-0862-FCD-DAD (PC) (E.D. Cal.) (dismissed Sept. 30, 2005, as frivolous and for failure to state a claim);

(4) *Bradford v. Superior Court of California*, No. 1:07-cv-01031-OWW-LJO (E.D. Cal.) (dismissed August 21, 2007, as frivolous); and

(5) *Bradford v. Terhune, et al.*, No. 1:04-cv-5261-LJO-SMS (PC) (E.D. Cal.) (dismissed May 9, 2008, for the failure to state a claim).

The Court also takes judicial notice of *Bradford v. Ceballos*, No. 1:20-cv-01821-DAD-SAB (PC), 2021 WL 323867, *1 (E.D. Cal. Feb. 1, 2021) in which this Court held that Plaintiff is subject to three-strikes bar under 28 U.S.C. § 1915(g) and denied Plaintiff's application to proceed IFP (ECF No. 4); and *Bradford v. Usher, et al.*, Case No. 21-16253 (9th Cir. Dec. 15, 2023), Dkt. #22, in which the Ninth Circuit granted Defendants' motion to revoke Plaintiff's IFP status.

The Court's review of the above records reveals that on at least three occasions, lawsuits filed by Plaintiff have been dismissed on the ground that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Therefore, as in this Court's previous decision in *Ceballos*, No. 1:20-cv-01821-DAD-SAB (PC), and the Ninth Circuit's decision in *Usher, et al.*, No. 21-16253, Dkt. #22, the Court again finds that Plaintiff is precluded from proceeding IFP in this action unless he demonstrates he meets the "imminent danger" exception.

### B. Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding IFP unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

#### 1. Legal Standards

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "[t]o qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray*, 31 F.4th at 701. Because

5

Plaintiff is pro se, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

### 2. Plaintiff's Complaint

Just as in his complaint in *Bradford v. Ogbuehi, et al.*, No. 1:17-cv-01128 (E.D. Cal.), ECF No. 1, Plaintiff's allegations in this case concern events while he was incarcerated at Kern Valley State Prison between 2015 and 2017. Plaintiff alleges that he "was labeled as 'high risk' medical reasons and had a medical chrono which noted Plaintiff was coccidioidmycosis [sic] area two ineligible." (ECF No. 1 at 2). Plaintiff sues J. Usher (correctional counselor), S. Rimbach (Warden), J. German (registered nurse), Ulit (physician), J. Sao (physician), Spaeth (physician). Plaintiff alleges that he complained to Defendants about his flu-like symptoms, chest pain, and weight loss, but was "denied treatment from around September 6, 2015 through August 29, 2017 until November 16, 2015 [sic]." (*Id.*) Plaintiff was eventually taken to an outside hospital and diagnosed with Valley fever and pneumonia. (*Id.*) Plaintiff further alleges that Defendants denied him treatment, transfer, N-95 mask, pain medication, soil stabilization, cleaning of vents and thus failed to protect Plaintiff from the risk of contracting Valley Fever despite knowing that he was a high-risk inmate. (*Id.* 2–3).

Such allegations are insufficient to show that Plaintiff is in imminent danger of serious physical injury under the standards described above. Nothing in the complaint suggests that there is a real and imminent threat to Plaintiff's personal safety: on its face, Plaintiff's complaint states that his allegations concern events that happened between six and eight years prior to filing of his complaint. None of the allegations show ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

Moreover, the Ninth Circuit, whose decisions are binding on this Court, already held that these allegations are insufficient to demonstrate that Plaintiff was under imminent danger of serious physical injury at the time he filed this action. The Ninth Circuit revoked Plaintiff's IFP status in his appeal No. 21-16253, which stemmed from this Court's case *Bradford v. Ogbuehi, et al.*, No. 1:17-cv-01128 (E.D. Cal.), with virtually identical allegations. Order, Dkt. #22, *Bradford*, No. 21-16253 (9th Cir. Dec. 15, 2023). In doing so, the Ninth Circuit implicitly

found Plaintiff does not meet the criteria to invoke the "imminent danger" exception to 28 U.S.C. § 1915(g).

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court concludes that under § 1915(g) Plaintiff may not proceed in forma pauperis in this action.

Accordingly, IT IS ORDERED that the Clerk of Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.
2. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 11, 2024**            /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE