UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>             Plaintiff,<br><br>    v.<br><br>J. USHER, et al.,<br><br>             Defendants. | Case No. 1:24-cv-00047-KES-EPG (PC)<br><br>ORDER ADOPTING<br>FINDINGS AND RECOMMENDATIONS<br>TO REQUIRE THAT PLAINTIFF PAY<br>FILING FEE IN ORDER TO PROCEED WITH<br>THIS ACTION<br><br>Doc. 4 |

Plaintiff Raymond Bradford is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 10, 2024, plaintiff filed his initial complaint. Doc. 1. On January 11, 2024, the assigned magistrate issued findings and recommendations recommending that plaintiff be required to pay the filing fee to proceed with this action. Doc. 4. Specifically, the findings and recommendations find that plaintiff has at least three strikes under 28 U.S.C. § 1915(g) and that the allegations in plaintiff's complaint do not satisfy section 1915(g)'s imminent danger exception. *Id.* at 7. Plaintiff timely filed objections on January 22, 2024. Doc. 5.

Plaintiff's objections first request that the Court take judicial notice of several documents: two letters from the Internal Revenue Service (IRS) responding to plaintiff's inquiries in 2021 and 2023, and an excerpt from plaintiff's medical grievance from 2021. *Id.* at 2–7. Plaintiff

1  argues that the IRS letters show that his economic impact payments were "stolen by the guards"
2  to prevent him from using these funds to pay the filing fees and that the medical grievance shows
3  he suffers from Valley fever and other serious medial ailments. *Id.* at 2.

4  　　　　The Court may take judicial notice of a fact that "is not subject to reasonable dispute
5  because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be
6  accurately and readily determined from sources whose accuracy cannot reasonably be
7  questioned." Fed. R. Evid. 201. Although a court "may take judicial notice of a record of a state
8  agency not subject to reasonable dispute," *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2
9  (9th Cir. 2004), and it may "take judicial notice of undisputed matters of public record," it may
10 not, however, take judicial notice of reasonably disputed facts simply because they are "stated in
11 [a] public record[ ]." *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

12 　　　　The unauthenticated IRS letters and an excerpt from plaintiff's medical record are not
13 "sources whose accuracy cannot be reasonably questioned" and do not meet Rule 201 criteria for
14 taking judicial notice. Even if the Court were to consider them as records of a federal or state
15 agency, the facts that plaintiff seeks to establish through judicial notice of these documents are
16 not ones that are "generally known," and they are not ones that "can be accurately and readily
17 determined" from the documents. Nothing in the IRS letters suggests that plaintiff's tax rebates
18 were "stolen by the guards . . . to prevent him from using his (IRS) funds to pay the filing fees."
19 Doc. 5 at 2. Similarly, nothing in the medical grievance from 2021 suggests that plaintiff is
20 currently in imminent danger of serious physical injury. *Id.* at 3. Accordingly, the Court declines
21 to take judicial notice of the documents proffered by plaintiff.

22 　　　　Plaintiff's objections also assert that he meets the imminent danger exception because he
23 suffers from disseminated coccidioidomycosis (Valley fever) and suffers daily due to denial of
24 treatment, chest pain, weight loss, and pneumonia in his lungs. *Id.* at 1. As the findings and
25 recommendations correctly note, the relevant inquiry is whether plaintiff faced imminent danger
26 *at the time* that he filed his complaint. *See* Doc. 4 at 5 (citing *Andrews v. Cervantes*, 493 F.3d
27 1047, 1053 (9th Cir. 2007)). "The [imminent danger] exception's use of the present tense,
28 combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that

the exception applies if the danger existed *at the time* the prisoner filed the complaint." *Andrews*, 493 F.3d at 1053.  In the instant case, the unlawful conduct alleged concerns denial of treatment from September 2015 to August 2017, while plaintiff was incarcerated at Kern Valley State Prison.  Doc. 1 at 1–3.  At the time the initial complaint was filed, however, plaintiff was housed at a different location, at California State Prison, Sacramento.  *Id.* at 1.  Nothing in plaintiff's complaint alleged misconduct at his current location of incarceration.  *See* Doc. 1.  Accordingly, plaintiff does not satisfy the nexus requirement between the alleged imminent danger and the stated claims, and therefore does not qualify for the § 1915(g) imminent danger exception.

Pursuant to 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case.  Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.  Thus, plaintiff is required to pay the filing fee in full before proceeding any further with this action.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued on January 11, 2024, Doc. 4, are ADOPTED in full;
2. Plaintiff SHALL pay the $405.00 filing fee within thirty (30) days if he wishes to proceed with his action; and,
3. <u>Failure to pay the required filing fee will result in the dismissal of this action without further notice.</u>

IT IS SO ORDERED.

   Dated:   January 14, 2025                             _____
                                                          UNITED STATES DISTRICT JUDGE